

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00323-CR

**JUSTIN ARTIS,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

---

**From the 440th District Court**
**Coryell County, Texas**
**Trial Court No. 17-24299**

---

## MEMORANDUM OPINION

---

In this matter, appellant, Justin Allen Michael Artis, filed his notice of appeal challenging his conviction for assault family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2018). The trial court's certification of appellant's right of appeal in this case indicates that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal."

We must dismiss an appeal "without further action, regardless of the basis for the appeal" if the trial court's certification shows there is no right to appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding that an appellant who has executed a waiver of appeal, whether negotiated or non-negotiated, could not appeal without securing the permission of the trial court). Because the trial court's certification indicates that appellant has no right of appeal, we hereby dismiss this appeal.[1]

AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Dismissed
Opinion delivered and filed October 24, 2018
Do not publish
[CR25]



---

[1] Nevertheless, we note that a motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See id.* at R. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See id.* at R. 68.2(a).